UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MELANIE HOWARD | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00150-JAW |
| | ) | |
| DEMO SALVAGE | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE**

With trial looming, the Plaintiff in this personal injury case filed a motion in limine to obtain pretrial rulings on three evidentiary issues: (1) evidence about the Plaintiff's background, such as her estrangement from her parents, her uncertain relationship with her daughter, and encounters with the authorities over the years, (2) evidence about her forensic psychiatrist's divorce and malpractice history, and (3) evidence or argument that Cianbro Corporation is responsible for this accident. *Pl.'s Mot. in Limine* (ECF No. 44) (*Pl.'s Mot.*). The Defendant responded, arguing that all the disputed evidence is admissible, but did not respond to the Plaintiff's argument concerning her forensic psychiatrist's divorce. *Def.'s Opp'n to Pl.'s Mot. in Limine* (ECF No. 47) (*Def.'s Opp'n*). Subject to evidentiary developments at trial and some restrictions, the Court rules that evidence of the Plaintiff's prior background and Cianbro Corporation's involvement are admissible. The Court dismisses the Plaintiff's motion regarding the malpractice claim now pending against the Plaintiff's expert, subject to further factual development at trial, but orders counsel not to refer to the malpractice claim until admissibility is resolved.

I.  BACKGROUND

Melanie Howard, a Cianbro employee, alleges that on February 1, 2016, she sustained a grievous injury primarily to her right leg when a 3000-pound slab of cement fell through a hole in the floor, struck a machine directly below, bounced off the machine, and striking her. *Pl.'s Pre-Trial Mem.* at 1-2 (ECF No. 36) (*Pl.'s Pretrial*). Ms. Howard says that she has undergone several hospitalizations and surgeries and has an intractable case of post-traumatic stress disorder (PTSD). *Id.*

II. MELANIE HOWARD'S PERSONAL BACKGROUND

A. The Parties' Positions

Ms. Howard's first motion seeks to exclude her prior background. *Pl.'s Mot.* at 1. She explains:

> At deposition, defense counsel delved very deeply into Plaintiff's background, including her estrangement from her parents approximately 25 years ago, her uncertain relationship with her daughter and various involvements she has had with the authorities over the years. They included a conviction for DWI, an accusation of child endangerment many years ago which was made by a boyfriend during an argument and which was never prosecuted and a simple assault which was not prosecuted.

*Id.* She says that Dr. Lubic, her forensic psychiatrist expert, "testified unequivocally that the only trigger for Plaintiff's PTSD was the accident of February 1, 2016 which is the subject of this case." *Id.* Thus, in Ms. Howard's view, "none of these areas of questioning is probative of any of the facts at issue in this matter." *Id.*

Demo Salvage disagrees. *Def.'s Opp'n* at 1.[1] It says that Ms. Howard "put her [PTSD] front and center in the prosecution of her claim." *Id.* It argues that her claim of current and future inability to work "is grounded in her mental health obstacles, *not* her physical injuries sustained in her personal injury." *Id.* (emphasis in original). It maintains that "evidence of past traumatic life events should be admitted into evidence as probative of the Plaintiff's mental health issues and claim of no current or future work capacity." *Id.*

B.  **Discussion**

Under Maine law, if a plaintiff has a preexisting condition that is exacerbated by a personal injury, the Maine Supreme Judicial Court has placed the burden of apportioning between the preexisting injury and the accident-related injury on the defendant. *Lovely v. Allstate Ins. Co.*, 658 A.2d 1091, 1092-93 (Me. 1995). In the words of the *Lovely* Court, the "single injury rule places any hardship resulting from the difficulty of apportionment on the proven wrongdoer and not on the innocent plaintiff." *Id.* at 1093. In 2014, the Maine Supreme Judicial Court held this rule applied to claims of physical and mental injuries in *Bratton v. McDonough*, 2014 ME 64, 91 A.3d 1050. The *Bratton* case involved the presence of lead paint in a home the plaintiffs had rented, and they claimed that their children had suffered mental and developmental problems because of lead exposure. *Id.* ¶¶ 1-27. The defendant in *Bratton* pointed to the children's father's alcoholism, their mother's depression, and

---

[1] The Court refers to the ECF numbering for pincites because Demo Salvage's opposition memorandum does not include pagination.

3

genetics as causes of their injuries. *Id.* ¶ 20. In *Bratton*, the Law Court reiterated that Maine law places "the burden of apportioning *damages* on a defendant who seeks to limit liability on the basis of a preexisting or a subsequent injury." *Id.* ¶ 19 (emphasis in original). Furthermore, Maine law also "requires that when a defendant asserts that an independent factor, rather than the defendant's acts, caused the plaintiff's harm, it is the defendant's burden to prove that independent *causation* by a preponderance of the evidence." *Id.* (emphasis in original).

The subtext of *Lovely* and *Bratton* is that evidence of a preexisting condition is likely admissible, if the defendant provides an appropriate foundation for a finding that the plaintiff had some preexisting conditions and that they are potentially apportionable. Even though under Maine law the burden rests on the defendant to prove apportionment and even though the burden may, in some cases, be difficult, the defendant retains the right to attempt to apportion damages where the defendant has established a proper predicate for the argument. Indeed, *Bratton* concluded that the trial court erred in refusing to give a *Lovely* instruction if generated by the evidence. *Id.* ¶ 21; *see* DONALD G. ALEXANDER, MAINE JURY INSTRUCTIONS § 7-102 (4th ed. 2012).

Here, the Court knows little about the contested evidence, but based on the proffers of the parties, the Court will not exclude evidence of Ms. Howard's background so that the jury may, if appropriate, apportion the symptoms occasioned by her preexisting conditions and those caused by the February 1, 2016 injury.

## III. DR. ROY LUBIT'S MALPRACTICE CLAIM

4

Ms. Howard designated Dr. Roy Lubit as her forensic psychiatric expert witness. *Pl.'s Pretrial* at 3. Ms. Howard first moved to exclude cross-examination of the doctor about his divorce. *Pl.'s Mot.* at 1. Demo Salvage did not respond to this part of Ms. Howard's motion and the Court assumes that it has conceded that questions to the doctor about his personal life are irrelevant and will not be pursued.

The malpractice claim is something else. Ms. Howard merely states that "the claim made against him was an allegation that he did not sign a document which he in fact says he did sign." *Id.* Ms. Howard says that Dr. Lubit is contesting the case. *Id.* Demo Salvage says that the malpractice claim is "probative as to Dr. Lubit's credibility and, therefore, should be admitted for the fact finders to consider in weighing Dr. Lubit's testimony." *Def.'s Opp'n* at 2.

As described, the connection between the malpractice claim and Dr. Lubit's professional opinions seems attenuated. The Court cannot, however, rule based on the scant information before it whether the malpractice claim could be admissible to impeach the doctor's credibility. The Court rules that the defense shall not mention this malpractice claim during opening statement and shall approach the Court before attempting to elicit information about the claim. The Court will likely hear testimony about the malpractice claim outside the presence of the jury before making a final ruling on its admissibility. To clear up the docket, the Court grants the motion in part and dismisses it without prejudice in part, subject to Ms. Howard's objection or motion at trial.

IV.   **CIANBRO LIABILITY**

Ms. Howard was employed by Cianbro Corporation when the accident took place and she has been covered by workers' compensation insurance. *Pl.'s Mot.* at 1. Ms. Howard observes that under Maine law, she may not sue Cianbro. *Id.* at 1-2 (citing 39-A M.R.S. §§ 104, 403(1)). She further states that Maine law provides that when "liability is joint and several, the plaintiff may recover all of her damages from any of the tortfeasors . . .." *Id.* (quoting *Peerless Ins. Co. v. Progressive Ins. Co.*, 2003 ME 66, ¶ 7, 822 A.2d 1125). Thus, in her view, the only liability issue is whether Demo Salvage was negligent and whether its negligence was a 1% legal cause of her injuries, which she views as a virtual foregone conclusion. *Id.* at 1-3.

Demo Salvage says that it was present in the paper mill to perform demolition work and that "Cianbro controlled the means and methods used by its subcontractors at the paper mill and had ultimate responsibility for oversight and safety of all contractors at the mill." *Def.'s Opp'n* at 2. It says that it "would be impossible to give a narrative of the events without indicating that Cianbro played a role." *Id.*

The Court agrees with Demo Salvage that it would be difficult to present any cohesive narrative of the circumstances leading up to Ms. Howard's injury without presenting evidence of Cianbro's involvement. Also, Demo Salvage could, if the argument is justified by the evidence, contend that the only entity that was negligent was Cianbro. Assuming the Cianbro evidence will be admissible, the Court will be amenable to a cautionary instruction to the jury both when the Cianbro evidence is admitted and during final jury instructions concerning limitations on their use of Cianbro evidence. The Court anticipates that counsel for both Ms. Howard and Demo

6

Salvage will present proposed instructions for the Court's consideration.

V.  CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's Motion in Limine (ECF No. 44). The Court DENIES the motion as regards Ms. Howard's background, GRANTS the motion as regards Dr. Lubit's divorce, GRANTS in part and DISMISSES without prejudice in part the motion as regards Dr. Lubit's malpractice claim subject to the Plaintiff's objection or motion at trial, and DENIES the motion as regards the involvement of Cianbro in the events leading to Ms. Howard's injuries.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2019